## VILLAGE OF SHOSHONE v. OREGON SHORT LINE R. CO.

### No. 1771.

District Court, D. Idaho, S. D.

Nov. 9, 1932.

Fred J. Babcock, Atty. Gen., Maurice H. Greene, Asst. Atty. Gen., and Paul S. Haddock, of Shoshone, Idaho, for plaintiff.

Geo. H. Smith, of Salt Lake City, Utah, and H. B. Thompson and Chas. A. Root, both of Pocatello, Idaho, for defendant.

CAVANAH, District Judge.

This action was brought by plaintiff in the state court to condemn an easement for a highway or street eighty feet wide by two hundred feet long across the right of way of the defendant railroad company, and praying that the court ascertain and assess the value of the easement to be condemned and the improvements, on the realty.

The defendant filed a petition for removal to this court upon the ground that it is a citizen and resident of the state of Utah, thus creating a diversity of citizenship, and that the amount in controversy exceeds $3,000. The plaintiff then filed its answer to the petition for removal in which it took issue with the averments in plaintiff's complaint relative to the amount of damages and denied that the aggregate of the damages would amount to $4,600 as claimed by the defendant, or any other sum in excess of $1,040, and denied that the value of the improvements on the premises are of the value of $1,428, or any other sum in excess of $40. The evidence taken upon this issue is somewhat conflicting, but it appears to the court that the evidence of the defendant as to the value of the easement and improvements on the realty sought to be condemned exceeds the requisite amount to give this court jurisdiction.

Upon the petition for removal, answer of the defendant, and motion of the plaintiff made in open court to remand, it was agreed that the court consider the case on motion to remand to the state court.

The first contention of the plaintiff in support of its motion to remand is that under the laws of the state jurisdiction to determine and assess damages for railroad structural changes caused by highway grade crossings is vested in the Public Utilities Commission of the state. The statute referred to (Laws Idaho 1929, c. 151) does not relate to the assessing of damages for railroad structural changes caused by a highway grade crossing, as it relates only to eliminations or alterations of a crossing of a highway with a railroad and not to the creation or establishment of a crossing. This statute, therefore, has no application here in determining the value of the easement and improvements of the defendant upon the realty involved, as it will be remembered that this is an action brought to condemn an easement over the land of the defendant upon which there appear valuable improvements, and a decree granting the relief prayed for certainly would deprive the defendant of not only the value of the realty, but the improvements which it has constructed thereon. Under the Constitution of the state and the statutes enacted relating to the condemnation of property, the defendant railroad company would be entitled, before it could be deprived of its property, to have determined the value of the realty involved and the improvements thereon. The further contention made by the plaintiff that because the defendant had laid its tracks within the corporate limits of the city it is subject to the right of the city to condemn an easement for a street over its right of way and whatever improvements situate thereon, and would only be entitled to its nominal damages, cannot be sustained when we come to consider the right granted to every one to compensation for the value of their property when sought to be taken by condemnation for public purposes.

From what has been said, the motion to remand will be denied.